IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 2:11-cv-00246-GLL |
| | ) | |
| DENNIS J. WILLIAMSON, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

AND NOW, this 26 day of August, 2011, upon consideration of the United States' Motion for Entry of Default Judgment [Document #18-2], IT IS HEREBY ORDERED that the motion is GRANTED and Judgment be entered against defendants Dennis J. Williamson, Pamela L. Williamson, the Pennsylvania Department of Revenue and Mortgage Electronic Registration Systems.

IT IS FURTHER ORDERED that the real property described below ("Property")

> All that certain lot or piece of land situate in the Borough of Bradford Woods, County of Allegheny and Commonwealth of Pennsylvania, being known as Section of Purpart "E" in the Metz Plan of Lots as recorded in the Recorder's Office of Allegheny County, Pennsylvania in Plan Book Volume 30, Pages 108 and 109, being more particularly bounded and described as follows, to-wit:
>
> BEGINNING at a point in the intersection of Harding Road and Lincoln Road in the said Metz Plan; thence along the center line of said Harding Road South 88° 04' 30" East a distance of 165 feet to a point; thence South 01° 55' 30" West a distance of 300 feet to a point in the dividing line of said Metz Plan and Burmar Place Plan

of Lots; thence by said dividing line North 88° 04' 30" West a distance of 165 feet to a point in the center line of aforesaid Lincoln Road; thence by the center line of said Lincoln Road North 01° 55' 30" East a distance of 300 feet to the point at the place of beginning.

BEING designated as Block 9809-X, Lot 50008, in the Deed Registry Office of Allegheny County, Pennsylvania.

HAVING erected thereon a dwelling known as 62 Lincoln Road.

SUBJECT to coal and mining rights, easements, rights of way, oil and gas leases, covenants, conditions, restrictions, etc., as the same may appear in prior instruments of record.

BEING the same property which George C. Lowe, Jr. And Virginia M. Lowe, his wife, by Deed dated April 1, 1975, and recorded in the Recorder's Office of Allegheny County, Pennsylvania, in Deed Book Volume 5464, Page 501, granted and conveyed unto John J. Kish and Jeanne C. Kish, his wife, the grantors herein. (Ex. 103)

be sold under title 28, United States Code, §§ 2001 and 2002, to satisfy the United States' judgment lien, as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are as follows:

a. The sale of the Property shall be free and clear of the interests of the United States of America, Dennis J. Williamson, Pamela L. Williamson, the Pennsylvania Department of Revenue, Mortgage Electronic Registration Systems as as Nominee for the CIT Group/Consumer Finance, Inc., and HSBC Bank, N.A. as Trustee for the Registered Holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE3.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

d. The PALS shall announce the date and time for sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Allegheny County, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a

description of the property and shall contain the terms and conditions of sale in this order of sale;

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by certified or cashier's check payable to the United States District Court for the Western District of Pennsylvania, a minimum of twenty (20) percent of the bid. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Property to the clerk of this Court within thirty (30) days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the Western District of Pennsylvania. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover

the expenses of the sale, with any amount remaining to be applied to the liabilities of [name[s] of taxpayer[s]] at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

  i. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

  j. When this Court confirms the sale, the Recorder of Deeds of Allgehny County, Pennsylvania, shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

  k. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

3. Until the Property is sold, Dennis J. and Pamela L. Williamson shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably

necessary to have those persons ejected. Any personal property remaining on the Property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

5. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4 above, Dennis J. and Pamela L. Williamson shall notify counsel for the United States of a forwarding address where they/she/he can be reached. Notification shall be made by contacting the paralegal for the United States, Marion Goyette, at (202) 514-6674.

6. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. After the Court confirms the sale, the sale proceeds are to be paid to the Clerk of this Court and applied to the following items, in the order specified:

a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale

and confirmation by the Court. *If the Government is the successful bidder, and therefore has not tendered cash, the Government shall tender to the PALS the expenses of the sale;*

b. Second, to all taxes unpaid and matured that are owed to the Borouogh of Bradford Woods, the North Allegheny School District, and Allegheny County for real property taxes on the property;

c. Third, to the United States for all costs of this action;

d. Fourth, any balance remaining after the above payments have been made shall be held by the Clerk until further order of the Court addressing the relative priority of the interests of the United States and of HSBC Bank, N.A. as Trustee for the Registered Holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE3.

Signed this 26th day of Aug, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE